1

2                                                                      O

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   RODOLFO I. GONZALEZ,          ) NO. CV 10-7295-TJH (MAN)
                                    )
12                 Petitioner,      )
                                    )
13        v.                        ) ORDER DISMISSING PETITION
                                    ) AS SECOND OR SUCCESSIVE;
14   GROUNDS,                       ) AND DENYING CERTIFICATE OF
                                    ) APPEALABILITY
15                 Respondent.      )
     _____)
16

17        On September 30, 2010, Petitioner filed a habeas petition, pursuant

18   to 28 U.S.C. § 2254 ("Petition").  The Petition is the third Section

19   2254 habeas petition Petitioner has filed stemming from his 1997 state

20   conviction in the Los Angeles Superior Court (the "Conviction").

21

22        Under the Rules Governing Section 2254 Cases in the United States

23   District Courts, a habeas petition filed by a prisoner in state custody

24   "must" be summarily dismissed "[i]f it plainly appears from the petition

25   and any attached exhibits that the petitioner is not entitled to relief

26   in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the

27   reasons set forth below, the Petition must be, and is, DISMISSED as

28   second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On October 18, 1999, Petitioner filed a Section 2254 habeas petition in this Court in Case No. CV 99-11978-TJH (MAN) (the "First Action"). The First Action challenged the Conviction and raised the following two habeas claims: (1) Petitioner was denied his federal constitutional right to be present at all critical stages of trial; and (2) Petitioner was never advised of his *Miranda* rights, and when he invoked his right to counsel and to remain silent, he was subtly questioned.[1] (First Action petition at 6, 8, and attached memorandum at 1-19.)[2] On April 26, 2002, the First Action petition was denied on its merits and dismissed with prejudice. Petitioner appealed. On January 21, 2003, the Ninth Circuit denied Petitioner's request for a certificate of appealability (Case No. 02-55966). On April 29, 2003, the Ninth Circuit denied Petitioner's motion for reconsideration.

This action is Petitioner's third attempt to obtain Section 2254 habeas relief in connection with the Conviction. The instant Petition alleges a single habeas claim, which is a variation of the same presence error claim alleged in the First Action and denied on its merits.

---

[1]    Petitioner originally raised his *Miranda* claim through a second Section 2254 habeas petition filed in this Court on October 4, 2000, in Case No. CV 00-10659-CM (MAN) (the "Second Action"). On October 19, 2000, the Second Action petition was dismissed with a direction to Petitioner that he should raise all of his claims within the then-pending First Action. On July 6, 2001, Petitioner was granted leave to file a Second Amended Petition in the First Action, which included the above-described *Miranda* claim.

[2]    Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior actions in this district and the United States Court of Appeals for the Ninth Circuit.

Petitioner alleges that the California Court of Appeal committed legal error when the presence error claim was raised by Petitioner on direct appeal, and this Court erred in finding that, under 28 U.S.C. § 2254(d)(1), the state court's decision on that claim did not warrant habeas relief.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition (described below), state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

In the First Action, Petitioner sought Section 2254 relief based on the same 1997 state court conviction challenged in this action, and he raised two claims that were resolved adversely to him on their respective merits, including a version of the claim alleged in the instant Petition. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

Critically, Petitioner has not obtained permission from the Ninth Circuit to bring this second or successive Petition, as required by Section 2244(b)(3).[3] Permission to file a second or successive petition may be granted only if Petitioner makes a *prima facie* showing that: (1) the claim relies on a new, and previously unavailable, rule of constitutional law, which the Supreme Court has ordered be made retroactive to collateral proceedings; or (2) the factual predicate of the claim could not have been discovered earlier through the exercise of due diligence, and the facts alleged, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error claimed, no reasonable fact-finder would have found Petitioner guilty. *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); McNabb, 576 F.3d at 1030. To pursue a Section 2254 habeas action attacking his Conviction, Petitioner must persuade the Ninth Circuit that at least one these predicates exists for any claim he now wishes to raise. Based on the nature of the claim alleged in the Petition -- which is not based on any new factual predicate or new rule of constitutional law and is substantially repetitive of one of the claims resolved adversely to him in the First Action -- it is difficult to see how Petitioner will be

---

[3]    The Ninth Circuit's dockets show that Petitioner has **not** filed any Section 2244(b) application in the Ninth Circuit.

4

1  able to satisfy Section 2244(b)'s requirements.[4]

2

3      As Petitioner has not obtained permission from the Ninth Circuit to

4  bring a second or successive petition, the instant Petition must be

5  dismissed, because this Court lacks jurisdiction to consider it.   28

6  U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799

7  (district court lacks jurisdiction to consider the merits of a second or

8  successive petition absent prior authorization from the circuit court).

9  Accordingly, IT IS ORDERED that Judgment be entered dismissing this

10 action without prejudice.

11

12     In addition, pursuant to Rule 11(a) of the Rules Governing Section

13 2254 Cases in the United States District Courts, the Court has

14 considered whether a certificate of appealability is warranted in this

15 case.   *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-

16 85, 120 S. Ct. 1595, 1604 (2000).   The Court concludes that a

17 certificate of appealability is unwarranted, and thus, a certificate of

18 appealability is DENIED.

19

20     IT IS SO ORDERED.

21

22 DATED: October 6, 2010

23                                    _____

24                                        TERRY J. HATTER, JR.
                                     UNITED STATES DISTRICT JUDGE

25

26     [4]   The Court notes that Petitioner's conviction became final in
   1998, and it appears that his limitations period expired in late
27 November 1998.   Thus, in addition to being second or successive, the
   instant Petition appears to be substantially untimely under 28 U.S.C. §
28 2244(d)(1).

PRESENTED BY:

_Margaret A. Nagle_
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE